## CONTINUATION OF APPLICATION FOR SEARCH WARRANT

I, Jeremy Marshall, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am submitting this continuation in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the collection of a DNA buccal swab from the person of **Diapolis Tiant SMITH**, who was born in December 1989 and who is currently in the custody of the U.S. Marshal's Service and housed in the Newaygo County Jail, to examine it for evidence of being a felon in possession of a firearm , in violation of 18 U.S.C. § 922(g)(1).

2. I am a Special Agent with the ATF and have been since 2008.  My responsibilities include the investigation of criminal violations of Titles 18 and 21 of the United States Code. I have participated in hundreds of investigations involving firearms and narcotics, which have resulted in the arrest and conviction of criminal defendants and the seizure of firearms and narcotics.

3. The facts stated in this continuation are either known personally to me or were related to me by other persons acting in their official capacities as officers and agents of the United States, the State of Michigan, and local jurisdictions within Michigan.  Because it is submitted for the limited purpose of establishing probable cause to search for evidence, this affidavit does not necessarily recite all of the facts of the underlying investigation that are known to me or to other investigators at this time.

4. As set forth herein, there is probable cause to believe that comparison of a DNA sample, to be collected from the person of **Diapolis SMITH** pursuant to this warrant, to a DNA

sample that was collected from the firearm that was recovered from inside the bag that Smith dropped during his arrest on 14 Aug. 2020 in Battle Creek, MI, will produce evidence of a violation of 18 U.S.C. § 922(g)(1) [Felon in possession of a firearm ].

## PROBABLE CAUSE

5.	Based on my training and experience, and the facts contained in this continuation, there is probable cause to believe that **Diapolis Tiant SMITH** committed the noted felony, and that the evidence described in Attachment B, which is located in this district, will produce proof of that crime.

6.	**SMITH** is a resident of Battle Creek, Michigan.  He is presently in the custody of the U.S. Marshal's Service at the Newaygo County Jail.  His criminal history includes a 2007 State of Michigan felony conviction for armed robbery, car-jacking, and conspiracy.

7.	During nighttime hours on 14 August 2020, **SMITH** was arrested by officers of the Battle Creek Police Department (BCPD) on an outstanding 4-count felony warrant for assault with intent to commit murder related to a domestic assault incident.  The arrest was made after BCPD officers saw **SMITH** standing in a public street in Battle Creek with numerous other civilians, called out his name, and then pursued him a short distance after he walked away from them and then ran a short distance.  When BCPD first encountered him, **SMITH** was holding a small red bag (commonly referred to as a "fanny-pack"), which he dropped in the street as officers approached.  **SMITH** was handcuffed and placed in a BCPD vehicle, and officers retrieved and opened the red bag.

8.	The red bag contained a loaded 9mm Jimenez Arms semiautomatic pistol.  An ATF interstate nexus evaluation determined the pistol was manufactured in Nevada, and subsequent testing established that it is a functioning firearm.  On 2 March 2020, the gun was reported as having been stolen out of a vehicle to the Riverdale Police Department in Riverdale, Georgia.

**SMITH** was indicted on 13 Oct. 2020 in this Court's case number 1:20-CR-165 with possessing that pistol as a felon.  That case is pending trial.

9. BCPD investigators collected a swab of suspected "touch DNA" (swabs collected from surfaces that were likely to have been touched by a suspect in a way that deposits sufficient bodily tissue or fluid to contain DNA) from the surface of the pistol for DNA analysis.

10. The United States Attorney's Office has informed me that the Fifth Amendment privilege against self-incrimination does not apply to evidentiary use of a person's physical characteristics such as voice, handwriting, hair, blood-type or DNA.  See, e.g., Schmerber v. California, 384 U.S. 757, 765 (1985); Wilson v. Collins, 517 F.3d 421, 431 (6th Cir. 2008).  I also know from training and experience that collecting DNA by buccal swab is a painless, safe, and minimally-invasive technique that is commonly used to collect DNA.  A cotton-tipped applicator is touched against the inside of the person's cheek to collect a saliva sample for analysis.

11. **SMITH** is currently in custody at the Newaygo County Jail, and the search warrant will be executed at that location.

## CONCLUSION

12. I submit that there is probable cause to believe that a DNA buccal swab from the person of **Diapolis SMITH** will produce evidence of a violation of 18 U.S.C. § 922(g)(1), and respectfully request that the Court issue a search warrant authorizing the collection of such a sample.